# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | CIVIL ACTION NO: |
|---|---|
| U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 | |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>94 New County Road |
| Gail M. York | Hollis Center, ME 04042 |
| Defendant | |
| First Horizon Home Loan Corporation | Mortgage<br>December 1, 2005<br>Book 14693, Page 86 |
| Party-in-Interest | |

NOW COMES the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Gail M. York as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank

National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, and the Defendant, Gail M. York, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is an Adjustable Rate Note executed under seal currently owned and held by the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, in which the Defendant, Gail M. York, is the obligor and the total amount owed under the terms of the Adjustable Rate Note is Two Hundred Fourteen Thousand Eight Hundred Ninety Seven Dollars and Forty Three Cents ($214,897.43) plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 60 Livingston Avenue, St. Paul, Minnesota 55107

5. The Defendant, Gail M. York, is a resident of Hollis Center, County of York and State of Maine.

6. The Party-in-Interest, First Horizon Home Loan Corporation, is located at 4000 Horizon Way, Irving, TX 75063.

## FACTS

7. On December 1, 2005, by virtue of a Deed of Sale by Personal Representative (Intestate) (Maine Statutory Short Form) from William J. McCormick, III as Personal Representative of the Estate of William J. McCormick, Jr., which is recorded in the York County Registry of Deeds in **Book 14693, Page 84**, the property situated at 94 New County Road, County of York, and State of Maine, was conveyed to the Defendant, Gail M. York, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On December 1, 2005, the Defendant, Gail M. York, executed and delivered to First Horizon Home Loan Corporation a certain Adjustable Rate Note in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00). *See* Exhibit B (a true and correct copy of the Adjustable Rate Note is attached hereto and incorporated herein).

9. To secure said Adjustable Rate Note, on December 1, 2005, the Defendant, Gail M. York, executed a Mortgage Deed in favor of First Horizon Home Loan Corporation, securing the property located at 94 New County Road, Hollis Center, ME 04042 which Mortgage is recorded in the York County Registry of Deeds in **Book 14693, Page 86**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE2 by virtue of an Assignment of Mortgage dated January 9, 2006 and recorded in the York County Registry of Deeds in **Book 15419, Page 974**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then further assigned to U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 by virtue of an Assignment of Mortgage dated April 25, 2016 and recorded in the York County Registry of Deeds in **Book 17229, Page 501**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On May 28, 2008, the Defendant, Gail M. York, executed a Loan Modification Agreement which decreased the Adjustable Rate Not amount to One Hundred Fifty Seven Thousand One Hundred Twenty Dollars and Twenty Two Cents ($157,120.22). *See* Exhibit F (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

13. On October 10, 2011, the Defendant, Gail M. York, executed a Home Affordable Modification Agreement which increased the principal balance to One Hundred Seventy Seven Thousand Nine Hundred Fourteen Dollars and Forty Two Cents ($177,914.42). *See* Exhibit G (a true and correct copy of the Home Affordable Modification Agreement is attached hereto and incorporated herein).

14. On September 12, 2016, the Defendant, Gail M. York, was sent a Notice of Mortgagor's Right to Cure as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Gail M. York, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendant, Gail M. York, has failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is the present holder of the Adjustable Rate Note pursuant to possession of the Adjustable Rate Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is the lawful holder and owner of the Adjustable Rate Note and Mortgage.

19. First Horizon Home Loan Corporation is a Party-in-Interest pursuant to a Mortgage in the amount of Forty Thousand Dollars and Zero Cents ($40,000.00) dated December 1, 2005, which is recorded in the York County Registry of Deeds in **Book 14693, Page 106** and is in second position behind plaintiff's Mortgage.

20. The total debt owed under the Adjustable Rate Note and Mortgage as of March 31, 2017, if no payments are made is: Two Hundred Fourteen Thousand Eight Hundred Ninety Seven Dollars and Forty Three Cents ($214,897.43), which includes Principal Balance in the amount of One Hundred Seventy Two Thousand Two Hundred One Dollars and Fourteen Cents (172,201.14); Accrued Interest in the amount of Twenty Thousand Four Hundred Seventy Eight Dollars and Fifty Three Cents ($20,478.53); Lender Paid Expenses in the amount of Four Thousand Five Hundred Fourteen Dollars and Eleven Cents ($4,514.11); Escrow Advances in the amount of Seventeen Thousand Two Hundred Twenty Dollars and Sixty Five Cents ($17,220.65); Legal Fees in the amount of Four Hundred Eighty Three Dollars and Zero Cents ($483.00).

21. Upon information and belief, the Defendant, Gail M. York, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

22. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure respecting a real estate related mortgage and title located at 94 New County Road, Hollis Center, County of York, and State of Maine. *See* Exhibit A.

24. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is the holder of the Adjustable Rate Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Adjustable Rate Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

25. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is the current owner and investor of the aforesaid Mortgage and Adjustable Rate Note.

26. The Defendant, Gail M. York, is presently in default on said Mortgage and Adjustable Rate Note, having failed to make the monthly payment due June 1, 2012, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Adjustable Rate Note.

27. The total debt owed under the Adjustable Rate Note and Mortgage as of March 31, 2017, if no payments are made is: Two Hundred Fourteen Thousand Eight Hundred Ninety Seven Dollars and Forty Three Cents ($214,897.43), which includes Principal Balance in the amount of One Hundred Seventy Two Thousand Two Hundred One Dollars and Fourteen Cents (172,201.14); Accrued Interest in the amount of Twenty Thousand Four Hundred Seventy Eight Dollars and Fifty Three Cents ($20,478.53); Lender Paid Expenses in the amount of Four Thousand Five Hundred Fourteen Dollars and Eleven Cents ($4,514.11); Escrow Advances in the amount of Seventeen Thousand Two Hundred Twenty Dollars and Sixty Five Cents ($17,220.65); Legal Fees in the amount of Four Hundred Eighty Three Dollars and Zero Cents ($483.00).

28. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

30. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Gail M. York, on September 12, 2016 as evidenced by the Certificate of Mailing. *See* Exhibit H.

31. The Defendant, Gail M. York, is not in the Military. *See* Exhibit I (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT II – BREACH OF ADJUSTABLE RATE NOTE

32. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. On December 1, 2005, the Defendant, Gail M. York, executed and delivered to First Horizon Home Loan Corporation a certain Adjustable Rate Note in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00). *See* Exhibit B.

34. The Defendant, Gail M. York, is in default for failure to properly tender the June 1, 2012 payment and all subsequent payments. *See* Exhibit H.

35. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 is the proper holder of the Adjustable Rate Note and is entitled to enforce the terms and conditions of the Adjustable Rate Note due to its breach by the Defendant, Gail M. York.

36. The Defendant, Gail M. York, has failed to comply with the terms of the Adjustable Rate Note and Mortgage, is in breach of both the Adjustable Rate Note and the Mortgage.

37. The Defendant Gail M. York's breach is knowing, willful, and continuing.

38. The Defendant Gail M. York's breach has caused the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-

HE2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

39. The total debt owed under the Adjustable Rate Note and Mortgage as of March 31, 2017, if no payments are made is: Two Hundred Fourteen Thousand Eight Hundred Ninety Seven Dollars and Forty Three Cents ($214,897.43), which includes Principal Balance in the amount of One Hundred Seventy Two Thousand Two Hundred One Dollars and Fourteen Cents (172,201.14); Accrued Interest in the amount of Twenty Thousand Four Hundred Seventy Eight Dollars and Fifty Three Cents ($20,478.53); Lender Paid Expenses in the amount of Four Thousand Five Hundred Fourteen Dollars and Eleven Cents ($4,514.11); Escrow Advances in the amount of Seventeen Thousand Two Hundred Twenty Dollars and Sixty Five Cents ($17,220.65); Legal Fees in the amount of Four Hundred Eighty Three Dollars and Zero Cents ($483.00).

40. Injustice can only be avoided by awarding damages for the total amount owed under the Adjustable Rate Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

41. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. By executing, under seal, and delivering the Adjustable Rate Note, the Defendant, Gail M. York, entered into a written contract with First Horizon Home Loan Corporation who agreed to loan the amount of $160,000.00 to the Defendant, Gail M. York. *See* Exhibit B.

43. As part of this contract and transaction, the Defendant, Gail M. York, executed the Mortgage to secure the Adjustable Rate Note and the subject property. *See* Exhibit C.

44. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is the proper holder of the Adjustable Rate Note and successor-in-interest to First Horizon Home Loan Corporation, and has performed its obligations under the Adjustable Rate Note and Mortgage.

45. The Defendant, Gail M. York, has breached the terms of the Adjustable Rate Note and Mortgage by failing to properly tender the June 1, 2012, payment and all subsequent payments. *See* Exhibit J.

46. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is the proper holder of the Adjustable Rate Note, and is entitled to enforce the terms and conditions of the Adjustable Rate Note due to its breach by the Defendant, Gail M. York.

47. The Defendant, Gail M. York, having failed to comply with the terms of the Adjustable Rate Note and Mortgage, is in breach of contract.

48. The Defendant, Gail M. York, is indebted to the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 in the

sum of Two Hundred Fourteen Thousand Eight Hundred Ninety Seven Dollars and Forty Three Cents ($214,897.43), for money lent by Plaintiff to the Defendant, Gail M. York

49. The Defendant's, Gail M. York's breach is knowing, willful, and continuing.

50. The Defendant's, Gail M. York's breach has caused the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

51. The total debt owed under the Adjustable Rate Note and Mortgage as of March 31, 2017, if no payments are made is: Two Hundred Fourteen Thousand Eight Hundred Ninety Seven Dollars and Forty Three Cents ($214,897.43), which includes Principal Balance in the amount of One Hundred Seventy Two Thousand Two Hundred One Dollars and Fourteen Cents (172,201.14); Accrued Interest in the amount of Twenty Thousand Four Hundred Seventy Eight Dollars and Fifty Three Cents ($20,478.53); Lender Paid Expenses in the amount of Four Thousand Five Hundred Fourteen Dollars and Eleven Cents ($4,514.11); Escrow Advances in the amount of Seventeen Thousand Two Hundred Twenty Dollars and Sixty Five Cents ($17,220.65); Legal Fees in the amount of Four Hundred Eighty Three Dollars and Zero Cents ($483.00).

52. Injustice can only be avoided by awarding damages for the total amount owed under the Adjustable Rate Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

53. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. First Horizon Home Loan Corporation, predecessor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, loaned the Defendant, Gail M. York, One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00). *See* Exhibit B.

55. The Defendant, Gail M. York, is in default for failure to properly tender the June 1, 2012 payment and all subsequent payments. *See* Exhibit H.

56. As a result of the Defendant's failure to perform under the terms of the Adjustable Rate Note and Mortgage, the Defendant, Gail M. York, has been unjustly enriched at the expense of the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2.

57. As such, the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage

Loan Asset-Backed Certificates, Series 2006-HE2 is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

58. The Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. First Horizon Home Loan Corporation, predecessor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, loaned the Defendant, Gail M. York, One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00). *See* Exhibit B.

60. The Defendant, Gail M. York, has failed to repay the loan obligation pursuant to the terms of the Adjustable Rate Note and Mortgage.

61. As a result, the Defendant, Gail M. York, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 as successor-in-interest to First Horizon Home Loan Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendant, Gail M. York, is in breach of the Adjustable Rate Note by failing to make payment due as of June 1, 2012, and all subsequent payments;

d) Find that the Defendant, Gail M. York, is in breach of the Mortgage by failing to make payment due as of June 1, 2012, and all subsequent payments;

e) Find that the Defendant, Gail M. York, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Gail M. York, is in breach of contract by failing to comply with the terms and conditions of the Adjustable Rate Note and Mortgage by failing to make the payment due June 1, 2012 and all subsequent payments;

g) Find that Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-

Backed Certificates, Series 2006-HE2, is entitled to enforce the terms and conditions of the Adjustable Rate Note and Mortgage;

h) Find that by virtue of the Adjustable Rate Note and Mortgage, the Defendant, Gail M. York, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, to restitution;

j) Find that the Defendant, Gail M. York, is liable to the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, for money had and received;

k) Find that the Defendant, Gail M. York, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Gail M. York, has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, Gail M. York, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2, is entitled to restitution for this benefit from the Defendant, Gail M. York;

o) Determine the amount due on said Mortgage and Adjustable Rate Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Gail M. York, and in favor of the Plaintiff, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 in the amount of Two Hundred Fourteen Dollars Eight Hundred Ninety Seven Dollars and Forty Three Cents ($214,893.43), the total debt owed under the Adjustable Rate Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2,
By its attorneys,

Dated: March 15, 2017

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670