# LOAN MODIFICATION AGREEMENT

Loan No.:  
Borrower(s): Gail M York  
Property: 94 New County Rd  
Hollis Center, ME 04042

Custodian: WF  
Inv. No.: 56153059

This Loan Modification Agreement ("Agreement") is made this 28th day of May, 2008 between Wilshire Credit Corporation ("Wilshire") as servicer for the owner of the above loan, and Gail M York ("Borrower(s)").

## FACTS

Wilshire is the servicer of the above Loan arising from a promissory note in the original principal amount of $160,000.00 secured by a deed of trust or mortgage on the above Property. The amount of principal and interest owing on this Loan as of 6/1/2008 is $165,614.37.

Borrower(s) are in default under the Note and Deed of Trust/Mortgage.

## AGREEMENT

For good and valuable consideration, the Borrower(s) and Wilshire agree as follows:

1. The above Facts are true.

2. The term "Note" includes the original note and any riders, renewals, extensions, modifications and loan adjustments thereof. The term "Deed of Trust/Mortgage" includes the deed of trust or mortgage, together with any riders, addendums, modifications, amendments, or adjustments thereto. The term "Maturity Date" means the original maturity date specified in the Note on which the Loan is to be paid in full, unless such date is changed in this Agreement.

3. The Note is hereby modified as follows:

### DEBT FORGIVENESS

The amount of the current debt is hereby reduced by $8,945.54. Therefore the amount of principal and interest now owing is $157,120.22. There may be additional amounts owed for reimbursement of advances and for other charges.

### INTEREST RATE ADJUSTMENT

Effective 6/1/2008, the interest rate on the principal amount of the Note will be fixed at 6% per annum and will remain in effect for 36 months. After this 36 month fixed-rate period, the terms of the Note and Deed of Trust/Mortgage

1

regarding the interest rate, including terms providing for any change in the rate of interest, shall remain the same, and therefore the interest rate may be adjusted on the day after this fixed rate period and thereafter on a periodic basis, pursuant to the same adjustments, if any, as set forth in the Note.

## PAYMENT

In addition to the principal and interest obligation, Borrower(s) are required to make monthly escrow payments of $244.63. Borrower(s) therefore will pay this Note in regular payments of $1,217.92 for the 36 month fixed-rate period. Such installments shall be due and payable on the 1st day of each month beginning 7/1/2008. The escrow portion of the monthly payment is subject to change due to increases or decreases in taxes and/or insurance premiums, and the monthly payment above may be changed by Wilshire to reflect such increase or decrease.

After this 36 month fixed-rate period, Borrower will pay the Note in regular monthly payments on the 1st day of each month until 12/1/2035 ("Maturity Date"). If this Loan Modification Agreement increased the principal amount owing on this Loan, the monthly payment likely will be greater than the original monthly payment. Wilshire or a subsequent servicer will advise the Borrower(s) of the monthly payment that will be required to be paid.

4. All amounts remaining due under the Note and Deed of Trust/Mortgage, if any, after the monthly payments are made, shall be due and payable on the Maturity Date.

5. Except for the modifications above, the Note and the Deed of Trust/Mortgage shall remain unchanged and the Borrower(s) ratify the Note and Deed of Trust/Mortgage as modified by this Agreement. However, if the Note may be assumed by another person, the terms of this Loan Modification Agreement are not assumable unless required by law.

6. Borrower(s) agree to pay the Note according to the terms thereof as modified by this Agreement and to perform all of the acts to be performed by the Borrower(s) under the Deed of Trust/Mortgage. Borrower(s) also agree that upon any default under the Note or Deed of Trust/Mortgage as modified by this Agreement, the owner of the Note, without waiver of any other remedies, may void this Agreement, in which event all terms and conditions of the original Note will apply. Without limitation, the owner may continue with any pending collection proceedings without additional notice to the Borrower(s).

7. If the Borrower(s) acquired title to the Property after the Deed of Trust/Mortgage was in effect, Borrower(s) hereby agree to perform each and all of the obligations and covenants of the Note and Deed of Trust/Mortgage as modified by this Agreement to the same extent and with the same effect as if the Borrower(s) originally had executed all of these documents.

Date 5/28/08 Initial

8. If Borrower(s) received a discharge of the Loan debt in a bankruptcy proceeding and the debt has not been reaffirmed in bankruptcy court, Borrower(s) are not personally liable for the debt, the Loan is non-recourse, and recovery will be limited to the collateral Property.

9. As consideration for the modification made herein, Borrower(s), on behalf of themselves, their heirs, executors, administrators and assigns, hereby, jointly and severally, knowingly and voluntarily, release, discharge and covenant not to sue Wilshire, any servicer of the loan, any owner(s) of the Loan, and any of their predecessors, successors and shareholders from any and all claims, demands, liabilities, defenses, setoffs, counterclaims, actions and causes of action of whatsoever kind or nature, whether known or unknown, whether legal or equitable, related or connected in any manner to the Note or Deed of Trust/Mortgage, which the Borrower(s) have or may have through the date of this Agreement.

If applicable, Borrower(s) voluntarily waive the provision of California Civil Code Section 1542, and any other provision or statute of like effect, which provides: *"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if know by him or her must have materially affected his or her settlement with the debtor."*

Borrower(s) warrant that they have read and understand the aforesaid Section 1542 and they have had the opportunity to consult with and be advised by counsel regarding its meaning and effect and they voluntarily waive its provisions and any other provisions or statute of like effect.

10. If any provision of this Agreement is determined under applicable law to be unenforceable, such provision shall be deemed to be severed from this Agreement, and all remaining provisions shall remain in full force and effect.

11. Any copy of this Agreement shall be considered an original.

BORROWER(S)

By: *Gail M York*
Name: Gail M York
Date: 5/28/08

By: _____
Name:
Date:

WILSHIRE CREDIT CORPORATION

By: _____
Name:

**CHRIS TUFTS**
**Team Lead**

Wilshire Credit Corporation
14523 SW Millikan Way, Suite 200
Beaverton, Oregon 97005