UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO: 2:17-cv-00090

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2
    Plaintiff

vs.

Gail M. York
    Defendant

First Horizon Home Loan Corporation
    Party-In-Interest

## PLAINTIFF'S PRETRIAL MEMORANDUM

NOW COMES the Plaintiff, Citibank, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust VI, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, this is a straight forward foreclosure.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendant by certified mail, return receipt requested.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). Northeast Bank & Trust Co. v. Soley, 481 A.2d 1123 (Me. 1984) and Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011).

The facts proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11

M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, Chase v. Higgins, 2009 ME 136 (2009); H.S.B.C. Bank, as Trustee v. Gabay, 2011 ME 101 (2011); Deutsche Bank Nat'l Trust Co. v. Raggiani, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); Wells Fargo Bank, N.A. v. deBree, 2012 ME 34 (2012); Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011) and Bank of America v. Cloutier, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));
- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;
- a breach of condition in the mortgage, Johnson v. McNeil, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);
- the amount due on the mortgage note, including any reasonable attorney fees and court costs, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);
- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;
- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. § 6111; and
- the Defendant is not in military service in accordance with the Servicemembers Civil Relief

Act, *see* 50 U.S.C.S. App. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4). Chase v. Higgins 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See* Bank of America v. Cloutier, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted […...] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. See 11 M.R.S. § 3-1101, *et seq*.; Bank of America, N.A. v. Cloutier, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic evidence of authenticity in order to be admitted...a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law..." Fed. R. Evid. 902(4).

As certified copies of public records, the Mortgage and Assignments are self-authenticating documents. See also Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

Therefore, Plaintiff is entitled to a Judgment of Foreclosure and Sale of the subject property.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Gail M. York
2. Representative of Nationstar Mortgage LLC d/b/a Mr. Cooper, servicer for the holder and note for Citibank, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust VI.

**EXHIBITS:**

1. Promissory Note in the amount of $160,000.00, executed by Gail M. York, on December 1, 2005, for the benefit of First Horizon Home Loan Corporation.
2. Mortgage securing the residence located at 94 New County Road, Hollis Center, ME 04042, executed by Gail M. York, on December 1, 2005, for the benefit of First Horizon Home Loan Corporation, recorded in the York County Registry of Deeds in **Book 14693, Page 86**.
3. Assignment of Mortgage from First Horizon Home Loan Corporation to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE2, dated January 9, 2006, and recorded in **Book 15419, Page 974**.

4. Assignment of Mortgage from LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE2 to Nationstar Mortgage LLC dated July 30, 2013, and recorded in **Book 16672, Page 854**.

5. Assignment of Mortgage LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE2 to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 by virtue of an Assignment of Mortgage dated April 25, 2016, and recorded in **Book 17229, Page 501**.

6. Assignment of Mortgage from Nationstar Mortgage LLC to U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 by virtue of an Assignment of Mortgage dated August 30, 2016, and recorded in **Book 17315, Page 698**.

7. Assignment of Mortgage to Citibank, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust VI, dated October 11, 2017, and recorded in Book 17599, Page 128.

8. Loan Modification Agreement between Wilshire Credit Corporation, as servicer, and Gail M. York dated May 28, 2008.

9. Home Affordable Modification Agreement between Bank of America, N.A., and Gail M. York, dated October 10, 2011.

10. Notice of Mortgagor's Right to Cure to Gail M. York, dated September 12, 2016.

11. Loan History of subject mortgage.

12. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendant is not in the military.

Respectfully Submitted,

Dated:  November 8, 2017  /s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670

**CERTIFICATE OF SERVICE**

I, John A. Doonan, Esq., hereby certify that on November 8, 2017, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250

Gail M. York
94 New County Road
Hollis Center, ME 04042

Gail M. York
92 New County Road
Hollis Center, ME 04042

Gail M. York
92 New County Road
N. Waterboro, ME 04061

Gail M. York
94 New County Road
N. Waterboro, ME 04061

First Horizon Home Loan Corporation
c/o First Bank of Tennessee Bank NA
Attn: Legal Services
165 Madison Avenue
Memphis, TN 38118