UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CITIBANK, N.A., as trustee of NRZ Pass-Through Trust VI<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GAIL M. YORK,<br><br>　　　　Defendants et al. | 2:17-cv-00090-GZS |

**DEFENDANT'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW
FOLLOWING BENCH TRIAL ON FEBRUARY 21, 2018**

　　　Defendant proposes the following findings of fact and conclusions of law following the bench trial in this matter.

**Proposed Findings of Fact**

　　　1. On December 1, 2005, First Horizon Loan Corporation made a mortgage loan the sum of $160,000 to Defendant (the "Loan").

　　　1. Defendant executed as borrower and delivered to First Horizon Home Loan Corporation the $160,000 Adjustable Rate Note dated December 1, 2005 (the "Note"), a copy of which is Plaintiff's Exhibit A. Defendant stipulated to the admission of Plaintiff Exhibit A and it was admitted.

　　　2. Plaintiff is in possession of the Note and the Note is indorsed in blank by First Horizon Home Loan Corporation.

　　　3. Defendant executed as mortgagor and delivered to First Horizon Home Loan Corporation as mortgagee the mortgage dated December 1, 2005 (the "Mortgage"), a copy of which is Plaintiff's Exhibit C. Defendant stipulated to the admission of Plaintiff Exhibit C and it was admitted.

4. The Mortgage is the subject of a chain of four assignments of mortgage which are all part of Plaintiff Exhibit D, the final of which is an assignment of the mortgage to Plaintiff. Defendant stipulated to the admission of Plaintiff Exhibit D and the documents included within it were admitted.

5. By virtue of two loan modification agreements dated May 28, 2008 and October 31, 2011, which comprise Plaintiff Exhibit B, the Loan was modified. Defendant stipulated to the admission of the loan modification agreements comprising Plaintiff Exhibit B and they were admitted.

6. By virtue of the October 31, 2011 loan modification agreement signed by Bank of America, N.A. as servicer (hereafter "BOA ) and by Defendant, the then owner of the Loan and Defendant agreed upon the new principal balance due on the Loan as being $177,914.42, upon a set of new adjustable interest rates to be applied to the Loan, and upon other related terms effective as of July 1, 2011.

5. The testimony of Plaintiff's sole witness, Marc Berninger, was that, following the July 1, 2011 effective date of the loan modification agreement included in Plaintiff's Exhibit B, BOA serviced the Loan through November 30, 2012, at which point servicing of the loan was transferred to Select Portfolio Servicing, Inc. (hereafter "SPS").

6. Berninger testified that SPS serviced the Loan from December 1, 2012 through March 31, 2012 and that servicing of the Loan was then transferred to Nationstar Mortgage, LLC, d/b/a Mr. Cooper (hereafter "Nationstar").

7. Berninger testified that Nationstar has serviced the Loan on behalf of Plaintiff and the predecessor Loan owner, from April 1, 2014 to date.

8. Plaintiff's offered, as its proof of the amounts due on the Loan, its Exhibit F which is a series of five separate documents which were identified during trial to consist of the following.

> <u>Defendant Exhibit 1</u>: Loan servicing history of Nationstar including copies of Nationstar computer screens showing loan balances which Plaintiff claims to be due on the loan covering the period from April 1, 2014 to the date of trial.
>
> <u>Defendant Exhibit 2</u>: Loan servicing history records created by SPS covering the period from December 1, 2012 to March 31, 2014.
>
> <u>Defendant's Exhibit 3</u>: Loan servicing history records of BOA for the period from March 1, 2010 to November 30, 2012.
>
> <u>Defendant Exhibit 4</u>: Loan history records of Wilshire Credit for the loan at issue for a period of time preceding the October 31, 2011 loan modification agreement.

>Defendant Exhibit 5: Loan history records of First Horizon Home Loan corporation for the loan at issue for a period of time preceding the October 31, 2011 loan modification agreement.

Plaintiff Exhibit F was admitted over the objection of Defendant.

9. Berninger was first employed by Nationstar on April 28, 2014 and remained in its employ through the date of trial.

___. Before commencing his employment with Nationstar on April 28, 2014, Berninger worked as paralegal in an Boston law firm which focused upon representation of mortgage loan servicers including BOA and SPS.

10. Berninger was never employed by BOA and was never involved, intimately or otherwise, in the daily operation of its mortgage loan servicing business.

11. Berninger was never employed by SPS and was never involved, intimately or otherwise, in the daily operation of its mortgage loan servicing business.

12. According to Berninger's testimony, the loan history pages which comprise that portion of Plaintiff Exhibit F which is Defendant Exhibit 3 were transmitted from BOA to Nationstar by FAX on the day before trial, February 20, 2018 and that FAX data appears on the top of all but the 6th and 7th pages that 10-page document.

13. Berninger had no personal knowledge as to whether those records comprising Defendant's Exhibit 3 were in the possession of Nationstar at the time that it took over servicing of the loan at issue on April 1, 2014 and no other evidence of such possession was offered.

14. Berninger had no personal knowledge as to whether those records comprising Defendant's Exhibit 3 were records which BOA transmitted to SPS when servicing of the Loan was transferred from BOA to SPS as of December 1, 2012, and no other evidence in this regard was offered.

15. Berninger had no personal knowledge as to whether the BOA computer system which produced Defendant Exhibit 3 did produce, or was capable of producing, an accurate calculation of the balances due on the loan at issue at the time that servicing of the Loan was transferred from BOA to SPS as of December 1, 2012.

16. Berninger had no personal knowledge as to whether the pages which comprise Defendant Exhibit 3 accurately show the electronic data regarding the balances due on the Loan which was in the Bank of America, N.A. computer system at the time that it transferred servicing to SPS as of December 1, 2012.

17. Plaintiff offered no admissible evidence of what records of BOA regarding the Loan were transmitted to SPS when servicing was transferred to SPS as of December 1, 2012.

18. Plaintiff offered evidence of what steps, it any, were taking by SPS in boarding the loan into its servicing system to determine the accuracy and reliability of any records which it received from BOA relating to the Loan.

Berninger testified that he had no personal knowledge as to what measures, if any, SPS took to verify the accuracy of the information regarding the Loan provided to it by BOA at the time of the servicing transfer.

19. Berninger had no personal knowledge as to whether the SPS computer system which produced Defendant Exhibit 2, the SPS loan history, did produce, or was capable of producing, an accurate calculation of the balances due on the loan at issue at the time that servicing of the Loan was transferred from SPS to Nationstar.

20. Berninger had no personal knowledge as to whether the pages which comprise Defendant Exhibit 2 accurately show the electronic data which was in the SPS computer system regarding the Loan at the time that servicing of the Loan was transferred from SPS to Nationstar.

21. With servicing of the loan having been transferred from SPS to Nationstar as of April 1, 2014, and with Berninger's employment with Nationstar having commenced on April 28, 2014, Berninger did not participate in the boarding of the Loan at Nationstar and he had no personal knowledge of the facts relating to Nationstar's boarding of the Loan upon transfer of servicing from SPS.

22. Berninger testified that the loan balances shown as being due on the first page of Plaintiff Exhibit F and Defendant Exhibit 1 are the result of computer calculations of those balances by the Nationstar computer system.

23.  Berninger did not offer any testimony that he had ever worked in the Nationstar information technology department or in any department identified as being responsible for the programing or maintenance of the Nationstar computer system.

24. Berninger did not offer any personal knowledge testimony as to what measures were taken by Nationstar to maintain the accuracy of its computer system which created and/or maintained the history for the Loan, or to test its accuracy periodically or to test whether the print-out which is Defendant Exhibit 1 is an accurate calculation by the Nationstar computer system of the amounts due on the Loan.

25. Berninger admitted that the accuracy of the loan payoff statement on the first page of Plaintiff Exhibit F and Defendant Exhibit 1 is dependent upon the accuracy of the loan balance figures of SPS contained in Defendant Exhibit 2 and upon the accuracy of the loan balance figures of BOA. contained in Defendant Exhibit 3.

26. Plaintiff Exhibit E is a September 12, 2016 letter from Nationstar to Defendant asserting Defendant's default of the loan in issue and stating Defendant's right to cure that default.

27. Plaintiff Exhibit E includes a certificate of mailing showing its mailing to Defendant at two addresses on September 12, 2016. Plaintiff Exhibit E was admitted over objection of Defendant.

28. Plaintiff offered no evidence, other than the records of BOA. which are Defendant Exhibit 3, of the date of the alleged default by Defendant or of the next payment due date stated in Plaintiff Exhibit E.

29. Plaintiff offered no evidence to prove that the amounts stated in Plaintiff Exhibit E to be due to cure the default alleged in Exhibit E were actually the correct and accurate statements of the amounts required to cure the alleged default on the Loan.

30. Plaintiff offered no evidence that there exists any assignment from First Horizon Home Loan Corporation of causes of action for "Breach of Contract, Money Had and Received" alleged in Count III of the Complaint, for "Quantum Meruit" alleged in Count IV of the Complaint, or for "Unjust Enrichment" alleged in Count V of the Complaint.

31. With respect to the "breach of contract, money had and received" claim of Count III, Plaintiff offered no evidence of the existence of any contract between Plaintiff and Defendant or of the payment by Plaintiff of any money to or conferring of any benefit upon Defendant.

31. With respect to the quantum meruit claim of Count IV, Plaintiff offered no evidence that it had provided any services, materials or anything of benefit to Defendant or any evidence of the existence of any implied contract between Plaintiff and Defendant.

32. With respect to the unjust enrichment claim of Count V, Plaintiff offered no evidence that it had conferred any benefit upon Defendant.

33. Defendant offered and requested that the court take judicial notice of her Defendant Exhibit 7 which is a complaint by the United States Department of Justice and 49 state attorneys general, including the Attorney General of the State of Maine, dated _____, 2012 which contains allegations of loan servicing irregularities by BOA during the time leading up to the date of that complaint.

34. Defendant offered and requested that the court take judicial notice her Defendant Exhibit 6 which is the Consent Judgment executed by the parties to the complaint which is Defendant Exhibit 7, in which BOA consented the payment of over $___ billion of fines, consumer relief and other damages, and in which it consented to being required with a detailed set for loan servicing standards   -------more here----?

35. Defendants Exhibits 6 and 7 are evidence of lack of trustworthiness in the BOA loan servicing system which may have existed between the October 10, 2011 loan modification agreement for the Loan which is part of Plaintiff Exhibit D and the December 1, 2012 date on which SPS took over servicing of the Loan from BOA.

## Proposed Conclusions of Law

1. The Note which is Plaintiff's Exhibit A is a negotiable instrument within the meaning of 11 M.R.S. § 3-1104.

2. Plaintiff is the holder of the Note and therefore is the party entitled to enforce that Note, as provided in 11 M.R.S. § 3-1301(1), against the Defendant.

3. By virtue of the mortgage assignments which comprise Plaintiff Exhibit D, Plaintiff is the party claiming under the Mortgage within the meaning of 14 M.R.S. § 6321 and is the party entitled to seek to foreclose upon that Mortgage upon proof of the required elements of foreclosure established by *Chase Home Finance, LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d. 508.

4. The execution by BOA and Defendant of the loan modification agreement which took effect on July 1, 2011, and which is part of Plaintiff Exhibit B, constituted Defendant's agreement to a new principal balance of $177,914.42, and a new set of adjustable interest rates and other provision for the Loan.

5. Those portions of Plaintiff Exhibit F comprised of Defendant Exhibits 4 and 5 are inadmissible as being not relevant as they relate to activity regarding the Loan prior to the July 1, 2011 effective date of the October 31, 2011 loan modification agreement, and therefor the court reverses its order at trial admitting that part of Plaintiff Exhibit F comprised of Defendant's Exhibits 4 and 5 and excludes those portions of Plaintiff Exhibit F as evidence in this case.

6. Plaintiff's witness, Marc Berninger is not a witness who was qualified under F.R. Evid. 803(6) to authenticate any business records of Bank of America, N.A. because he had never worked for BOA and was never intimately involved in the daily operation of its business.

7. Berninger's employment at a law firm that once represented BOA in foreclosure related work, before his period of employment at Nationstar, did not establish that he had personal knowledge as to how BOA created or maintained the documents which comprise Defendant Exhibit 3, or that he had any personal knowledge as to the accuracy of the BOA systems which produced the records which comprise Defendant Exhibit 3.

8. Plaintiff did not meet the requirement of F.R. Evid. 901(9) of proving that the BOA computer systems produced an accurate calculation of the balances due on the Loan during the period that the Loan was serviced by BOA.

9. The court takes judicial notice of Defendant's Exhibits 6 and 7, and although BOA specifically did not admit the allegations of the complaint which is Exhibit 7, the court finds that those documents raise evidentiary issues as to the reliability and trustworthiness of the BOA loan history record which is Defendant Exhibit 3.

10. Berninger's employment at a law firm that once represented SPS in foreclosure related work, before his period of employment at Nationstar, did not establish that he had personal knowledge as to how SPS created the documents which comprise Defendant Exhibit 2, or that he had any personal knowledge as to the accuracy of the SPS systems which produced the records which comprise Defendant Exhibit 2.

11. Under F.R. Evid 1001 & 1002, Plaintiff was required to prove that the information on Defendant Exhibit 3 is an accurate reproduction of information which was in the BOA computer system in order for that exhibit to be admitted, but it did not offer any such evidence.

12. Under F.R. Evid 1001 & 1002, Plaintiff was required to prove that the information on Defendant Exhibit 2 is an accurate reproduction of information which was in the SPS computer system in order for that exhibit to be admitted, but it did not offer any such evidence.

13. Under F.R. Evid. 901(9) Plaintiff was required to prove that the BOA computer system which generated the information contained in Defendant Exhibit 3 produced an accurate statement of the loan balances on the Loan in order for Defendant Exhibit 3 to be authenticated as the BOA loan history for the Loan, but Plaintiff did not offer any such evidence.

14. Under F.R. Evid. 901(9) Plaintiff was required to prove that the SPS computer system which generated the information contained in Defendant Exhibit 2 produced an accurate statement of the loan balances on the Loan in order for Defendant Exhibit 2 to be authenticated as the SPS loan history for the Loan, but Plaintiff did not offer any such evidence.

15. Because Berninger was not a witness qualified under F.R. Evid. 803(6) to testify regarding the practices of BOA in creating and maintaining the loan history for the records, that portion of Plaintiff Exhibit F comprised of Defendant Exhibit 3 is not admissible and the court reverses its order admitting that part of Plaintiff Exhibit F and excludes it as evidence in this case.

16. Because Berninger was not a witness qualified under F.R. Evid. 803(6) to testify regarding the practices of SPS in creating and maintaining the loan history for the records, that portion of Plaintiff Exhibit F comprised of Defendant Exhibit 2 is not admissible and the court reverses its order admitting that part of Plaintiff Exhibit F and excludes it as evidence in this case.

17. Because Plaintiff failed to offer the proofs of accuracy required by F.R. Evid. 1001 and 909(11) with respect to that portion of Plaintiff Exhibit F comprised of Defendant Exhibit 3 (the BOA loan history), that portion of Plaintiff Exhibit F comprised of Defendant Exhibit 3 is not

admissible and the court reverses its order admitting that part of Plaintiff Exhibit F and excludes it as evidence in this case.

18. Because Plaintiff failed to offer the proofs of accuracy required by F.R. Evid. 1001 and 909(11) with respect to that portion of Plaintiff Exhibit F comprised of Defendant Exhibit 2, (the SPS loan history), that portion of Plaintiff Exhibit F comprised of Defendant Exhibit 2 is not admissible and the court reverses its order admitting that part of Plaintiff Exhibit F and excludes it as evidence in this case.

19. Berninger was a witness who was qualified to offer testimony under M. R. Evid. 803(6) as to the business records practices of Nationstar with respect its work as a mortgage loan servicer in the creation and maintenance of loan history records for the Loan.

20. The loan history records created by Nationstar with respect to the Loan and other loans serviced by it are records which it creates for third parties such as the Plaintiff in this case, and are not records which it creates and maintains for its own account as records of its own income and expenses such as would be maintained by any business enterprise.

21. Where Nationstar maintains business records for its own account and with respect to its own money, the presumption of their being trustworthy is significantly greater that it is when Nationstar is creating and maintaining loan history records relating to money belonging to third parties such as Plaintiff.

22. That part of Plaintiffs Exhibit F comprised of Defendant Exhibit 1, the Nationstar loan history and loan payoff records, are records created and maintained by Nationstar for the benefit of Plaintiff showing the loan history for the Loan during the period of time during which Nationstar serviced the Loan from April 1, 2014 to the present date.

23. The evidence offered by Plaintiff through the testimony of Berninger did not establish the proof required under F.R. Evid. 901(9) that the Nationstar computer system which generated the records contained in Defendant Exhibit 1 produces an accurate statement of loan activity for the Loan or an accurate statement of balances due on the Loan.

24. The accuracy of the information in that part of Plaintiffs Exhibit F comprised of Defendant Exhibit 1 is dependent upon the accuracy of loan history records for the Loan maintained by BOA and SPS, but Plaintiff did not offer proof of the accuracy of those records and as stated above, they have been excluded.

25. Because Plaintiff failed to prove the accuracy and reliability of the Nationstar payoff records contained in Plaintiff Exhibit F, the court reverses its ruling admitting Plaintiff Exhibit F and orders that the entirety of it be excluded as evidence in this case.

26. With respect to Plaintiff Exhibit E, the Nationstar default letter dated September 12, 2016, the letter is a hearsay document admissible under F.R. Evid. 803(6), except that the

statements in the letter of the last payment date and the amounts required to cure the default are themselves hearsay statements which must be proved by admissible evidence.

27. Since the only evidence of the last payment date on the Loan is in the BOA loan history, Defendant Exhibit 3, evidence of the amounts due to cure the default must be derived from the records of BOA, and SPS (Defendant Exhibit 2) and Nationstar (Defendant Exhibit 1), and since the Plaintiff failed to prove their admissibility, there is no admissible evidence to prove the last payment date or default amounts stated in Plaintiff Exhibit E.

28. Because the information contained in the Nationstar default letter dated September 12, 2016, which is Plaintiff Exhibit E, as to the alleged default of Defendant, or the next payment due date, or the amount required to cure the default were not proved by admissible evidence, Plaintiff did not meet the requirement of 14 M.R.S. § 6101(1-A) of proving that the letter stated an itemization of all past due amounts causing the loan to be in default, the court reverses its order admitting Plaintiff Exhibit E and excludes it as evidence in this case.

29. Because Plaintiff failed to prove by admissible evidence the sending of a default letter that complies with 14 M.R.S. § 6101, and because Plaintiff failed to prove by admissible evidence the amount due on the Loan, Plaintiff failed to prove its right to foreclose upon the Mortgage.

30. Defendant is entitled to the entry of judgment in her favor on Counts I and II of the Complaint because the elements of proof required for judgment on the note and for foreclosure were not proved.

31. Defendant is entitled to entry of judgment in her favor on Counts III, IV and V of the Complaint because Plaintiff offered none of the evidence required to prove the causes of action stated in those counts and offered no evidence that it had legal standing to assert those claims.

DATED: April 18, 2018

/s/ Thomas A. Cox
Thomas A. Cox, Esq., Me. Bar No. 1248
Counsel for Defendant Gail M. York

P.O. Box 1314
Portland, Maine 04104
(207) 749-6671
tac@gwi.net

9

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

I hereby certify that on April 18, 2018, I electronically filed the foregoing Defendant's Proposed Findings of Fact And Conclusions Of Law dated April 18, 2018 with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Carrie Folsom, Esq.
    Shechtman Halperin Savage, LLP
    1080 Main Street
    Pawtucket, RI 02860

    John M. Ney, Jr., Esq.
    Shechtman Halperin Savage, LLP
    1080 Main Street
    Pawtucket, RI 02860


/s/ Thomas A. Cox
Thomas A. Cox, Esq.
P.O. Box 1314
Portland, Maine 04104
(207) 749-6671
tac@gwi.net