# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CITIBANK, N.A., as trustee of NRZ Pass-Through Trust VI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Docket no. 2:17-cv-90-GZS |
| v. | )<br>) |
| GAIL M. YORK, | )<br>)<br>) |
| Defendant. | ) |

## FINDINGS OF FACT & CONCLUSIONS OF LAW

The Court held a bench trial of this matter on February 21, 2018. The parties completed their post-trial briefing (ECF Nos. 54, 57 & 59) on April 19, 2018. In accordance with Federal Rule of Civil Procedure 52(a), the Court makes the following findings of fact and conclusions of law:

**I.　FINDINGS OF FACT**

Having considered all of the admitted evidence and the parties' proposed findings of fact and conclusions of law (ECF Nos. 54 & 57), the preponderance of the credible evidence admitted at trial establishes the following:

1. On December 1, 2005, Defendant Gail York entered into a contractual agreement with First Horizon Home Loan Corporation by executing a promissory note in the original principal amount of $160,000. See Pl. Ex. A (hereinafter, "the Note").

2. Plaintiff Citibank, N.A., as trustee of NRZ Pass-Through Trust VI (hereinafter, "Citibank") is in possession of the Note and the Note is endorsed in blank by First Horizon Home Loan Corporation.

3. York simultaneously entered into a mortgage agreement, dated December 1, 2005, and recorded in the York County (Maine) Registry of Deeds in Book 14693 at Page 86, securing this promissory note. See Pl. Ex. C (hereinafter, "the Mortgage").

4. The Mortgage was subsequently assigned as follows:

a. Assignment of Mortgage from First Horizon Home Loan Corporation to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE2. Said assignment recorded in the York County (Maine) Registry of Deeds on May 21, 2008, in Book 15419 at Page 974;

b. Assignment of Mortgage from LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE-2 to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2. Said assignment recorded in the York County (Maine) Registry of Deeds on May 9, 2016, in Book 17229 at Page 501974;

c. Assignment of Mortgage from U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE2 to Citibank, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust VI. Said assignment recorded in the York County (Maine) Registry of Deeds on November 6, 2017, in Book 17599 at Page 128;

d. Assignment of Mortgage from Citibank, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust VI to U.S. Bank National Association, not in its Individual Capacity, but Solely as Trustee [of] NRZ Pass-Through Trust X. Said assignment recorded in the York County (Maine) Registry of Deeds on February 1, 2018 in Book 17654 at Page 359.

See Pl. Ex. D.

5. On May 28, 2008, York entered a loan modification agreement with Wilshire Credit Corporation that reduced the amount of principal and interest due under the Note to $157,120.22. See Pl. Ex. B.

6. On October 10, 2011, York signed another loan modification agreement with Bank of America, N.A., in which she agreed that the new principal under the Note would be $177,917.42. See Pl. Ex. B.

7. Nationstar Mortgage LLC, a loan servicing company, began servicing the Mortgage on April 1, 2014. Between December 1, 2012 and March 30, 2014, the Mortgage was serviced by another loan servicer, Select Portfolio Services. Prior to being serviced by Select Portfolio Services, the Mortgage was serviced by Bank of America.

8. As part of the transfer of the servicing of the Mortgage, Nationstar received the payment history, collateral file, and loan modification documents that Select Portfolio Services maintained within its business records. Nationstar then incorporated those records into its own account file for this Mortgage via a standard business practice of "on boarding" the account upon its transfer.

9. According to Nationstar's account transaction history for the Mortgage, York's last payment on the Note totaling $1,042.29 was received by Bank of America on June 28, 2012. No payments have been received since that date. See Pl. Ex. F.

10. Nationstar sent York a demand letter, dated September 12, 2016, notifying her that her loan was in default for failure to make payments due on and after June 1, 2012. See Pl. Ex. E. The demand letter was sent to both the property address and another mailing address in Gorham, Maine.

11. York was not on active duty with the United States Military at any time between February 20, 2017 through February 21, 2018. See Pl. Ex. G.

12. York currently owes at least $228,316.27 under the terms of the Note and Mortgage; said amount reflects the unpaid principal, interest, and escrow advances associated with the Note and Mortgage. See Pl. Ex. F & Def. Ex. 1.

13. As requested by Defendant, the Court takes judicial notice of the Complaint and Consent Judgment in *United States v. Bank of America Corp., et al., D.D.C Docket No. 1:12-cv-361-RMC*. See Def. Exs. 6 & 7. In relevant part, under this Consent Decree, dated April 4, 2012, Bank of America agreed to make certain payments and follow detailed servicing standards under the supervision of a court-appointed monitor and thereby settle claims related to misconduct in connection with the servicing of single-family residential mortgages. This Consent Decree notes that it is made "without trial or adjudication of issue of fact or law." See Def. Ex. 7.

14. York defaulted in June 2012 after this Consent Decree was entered.

**II.     CONCLUSIONS OF LAW**

1. To the extent Defendant has suggested that the admitted proof of the amounts due and owing is excludable hearsay, the Court disagrees and concludes that the integrated business records and testimony provides an admissible and sufficiently credible basis for determining the amounts owed. Defendant failed to provide evidence that calls into question the reliability of the specific business records presented at trial. In short, the Court finds that Plaintiff's Exhibit F was properly admitted under Federal Rule of Evidence 803(6) based on the live testimony of Marc Berninger. See, e.g., F.T.C. v. Direct Marketing Concepts, Inc., 624 F.3d 1, 16-18 & n.15 (1st Cir. 2010) (affirming admission of "intimately integrated" records under F.R.E. 803(6)); Foregger v. Residential Credit Solutions, Inc., Civil Docket No. 12-11914-FDS, 2014 WL 1364788, *4-*5 (admitting "records within records" that had been "integrated into" current loan servicer's records under F.R.E. 803(6)).

2. The preponderance of the evidence establishes that Defendant is in breach of the Note and the Mortgage as a result of her failure to make timely payments.

3. Defendant was properly noticed of her default but failed to remedy the default prior to the commencement of this foreclosure action or to reinstate the note obligation at any time thereafter.

4. Plaintiff is entitled to Judgment in its favor on its claims for Foreclosure (Count I), Breach of Note (Count II), and Breach of Contract (Count III).

5. Plaintiff's alternative claims for equitable relief (Counts IV & V) shall be dismissed.

The Court ORDERS Plaintiff to submit a proposed Judgment of Foreclosure and Sale within fourteen days of today that contains all the provisions required by Maine law, including 14 M.R.S.A. § 2401(3), and also complies with this Court's Order on Motion for Default Judgment.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 29th day of May, 2018.