UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
CIVIL ACTION DOCKET NO. 2:17-cv-00090-GZS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X<br><br>PLAINTIFF<br><br>v.<br><br>GAIL M. YORK<br><br>DEFENDANT<br><br>and<br><br>FIRST HORIZON HOME LOAN CORPORATION<br><br>PARTY IN INTEREST | JUDGMENT OF FORECLOSURE AND SALE<br><br>TITLE TO REAL ESTATE IS INVOLVED<br><br>ADDRESS:<br>94 NEW COUNTY RD., HOLLIS, YORK COUNTY, MAINE<br><br>MORTGAGE:<br>dated December 1, 2005, recorded in York County Registry of Deeds in Book 14693 Page 86 |

    This matter came before the Court for bench trial on February 21, 2018. After hearing, Plaintiff appearing, Defendant having appeared through counsel, and Party-in-Interest First Horizon Home Loan Corporation having not appeared and having since been defaulted, the Court finds as follows:

    1.    Defendant has breached the condition of Plaintiff's mortgage dated December 1, 2005 (the "Mortgage") and recorded in the York County Registry of Deeds in Book 14693 at Page 86, by failing to make payments on the promissory note (the "Note"), being the payment due June 1, 2012, and all payments due thereafter. Said last payment being tendered on or about June 28, 2012, and said Note being executed of even date and secured by said Mortgage.

    2.    Defendant was duly noticed of her default pursuant to statute and has failed or refused to cure said default prior to the commencement of the within foreclosure.

    3.    As of February 21, 2018, the total amount due under the terms of said Note and Mortgage is $228,316.27. Defendant Gail M. York, or her successors, heirs, and assigns, can pay this amount with interest within the redemption period to avoid foreclosure.

    A detailed accounting is attached hereto as Schedule A.

Pursuant to 14 M.R.S.A. §§ 1602-B and 1602-C, the prejudgment interest rate is 4.250% per annum of said principal balance and the post-judgment interest rate is 6.130% per annum.

4. The order of priority of the claims of the parties in this action is as follows:

FIRST: Plaintiff, by virtue of its mortgage in the above amounts and attorney fees; and

LAST: To be paid to Defendant or in accordance with any further order of this Court.

5. Pursuant to this Court's Order on Motion for Default Judgment, any First Horizon Home Loan Corporation liens on the property are extinguished as part of this judgment

**WHEREFORE**, it is hereby ORDERED ADJUDGED AND DECREED as follows:

Plaintiff's Counts IV and V are hereby dismissed, such relief being moot.

Plaintiff is granted judgment in its favor on Count I, Count II, and Count III of its Complaint, as amended.

If Defendant does not pay Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety (90) days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. § 6321 et seq. and disburse the proceeds of said sale after deducting the expenses thereof, in the amounts and priorities as determined above. The surplus, if any, shall be deposited with the Clerk for the benefit of the parties hereto in accordance with the statute.

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

Defendant did not participate in the Foreclosure Diversion Program.

The following provisions are set forth pursuant to 14 M.R.S.A. § 2401:

A. The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule B attached hereto

B. The Civil Action docket number is 2:17-CV-00090-GZS.

C. The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

D. The street address and a description of the real estate involved are set forth in Schedule C attached hereto.

E. Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

SO ORDERED.

                                           /s/ George Z. Singal
                                           United States District Judge

Dated this 2nd day of July, 2018.

# **SCHEDULE A**

```
SRV229R-04      ==================================================    2/06/1
RDOD1036               Payoff Quote Include/Omit Items                 08:06:4
                ==================================================    ADD
Loan Number  [REDACTED]      PO Dt  2/06/18   Int Paid To   5/01/12
Inv#   NTY   Loan Type 03 Sub Code  00   Next Due Dt  6/01/12   Int Rate  4.250
Prin Bal   172,201.14   Per Diem Int    20.05   Interest Calcs    26,396.97
Optional Items to I-Include or O-Omit:                    Plan Number 00001
O Escrow Balance                  .00   I Total Late Charges           .00
  Interest on Escrow              .00   I Total NSF Charges            .00
I Escrow Advance            21,359.63   I Optional Ins Payment         .00
O Misc Suspense Bal               .00   I Prepayment Penalty           .00
O Forbearance Bal                 .00   I Last FHA PMI Premium         .00
O B235 Balance                    .00   I Other Fees Due               .00
O Haz Suspense Bal                .00   I Rebate Points Financed   0000000
  Int on Haz Loss                 .00   O Deferred Principal           .00
I Inv. Advance                    .00   O Recording Fee             00000
I Corp Advance Bal           8,336.53-  O Quote fee                 00000
O Corp Expense Bal          21,207.19   I Oth1 PREPAYMENT PENALTY  000000
O Default Int Due                 .00   I Oth2 COUNTY RECORDING FEE  002200
I Deferred Interest               .00   I MBS Liq Difference           .00
O Prepaid Ins Rebate              .00
Accept Quote - Y/N N                             PO Amt      228,316.27
```

# SCHEDULE B

Party:      U.S. Bank National Association, not in its individual capacity, but solely
            as Trustee NRZ Pass-Through Trust X
            425 Walnut Street
            Cincinnati, OH 45202

Counsel:    John Michael Ney, Jr., Esq.
            Carrie Folsom, Esq.
            Shechtman Halperin Savage, LLP
            1080 Main Street
            Pawtucket, RI 02860

Party:      Gail M. York
            94 New County Rd
            Hollis Center, ME 04042

Counsel:    Thomas A. Cox, Esq.
            P.O. Box 1314
            Portland, ME 04104

Party:      First Horizon Home Loan Corporation
            C/o First Bank of Tennessee Bank NA
            Attn: Legal Services
            165 Madison Avenue
            Memphis, TN 38118

Counsel:    None Known

# SCHEDULE C

PROPERTY ADDRESS: <u>94 New County Road Hollis Center, York County, Maine</u>

A certain lot or parcel of land with all the buildings thereon, situated on both sides of Highway #5 in the Towns of Hollis and Dayton, in the County of York and State of Maine, bounded and described as follows: The homestead farm of the late Edmund Weymouth and being the same premises conveyed to Robert A. Marcotte, deceased and Janice I. Marcotte as joint tenants by Warranty Deed of Lester I. Grant et ux dated October 4, 1963 and recorded in the York Registry of Deeds, Book 1521, Page 328, the interest of said Janice Marcotte (Janet Marcotte) having been conveyed to said Robert A. Marcotte by quit claim deed dated February 4, 1969, recorded in said Registry in Book 1831, Page 530.

EXCEPTING AND RESERVING, however, from the above described premises those portions thereof described in the following deeds from Stephen B. Quimby and Carolyn R. Quimby:

1. Warranty Deed to Charles M. and Irene B. Waldron dated December 12, 1975 recorded in said Registry of Deeds in Book 2110, Page 192.

2. Warranty Deed to Theodore C. Pinkham, Inc. dated October 7, 1977 recorded in said Registry of Deeds in Book 2271, Page 152.

3. Warranty Deed to Alice M. Whitehouse and Merton C. Whitehouse dated August 27, 1982 recorded in said Registry of Deeds in Book 2981, Page 323.

Together with an easement to draw water and repair and replace a water pump and water line as described in a deed from Ronald C. Fluet and Pamela A. Fluet to Stephen B. Quimby and Carolyn R. Quimby by deed dated July 23, 1982 to be recorded in said Registry of Deeds.

Meaning and intending to mortgage and hereby mortgaging the same premises conveyed to Gail M. York by deed of Wililam J. McCormick, III Personal Representative of the Estate of William J. McCormick, Jr. dated December 1, 2005 and recorded in the York County Registry of Deeds herewith.